09-2025-cv
Pacenza v. IBM Corporation

**UNITED STATES COURT OF APPEALS**

FᴏR Tʜᴇ Sᴇᴄᴏɴᴅ Cɪʀᴄᴜɪᴛ

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH,
                 *Circuit Judges*,
         MARK R. KRAVITZ,
                 *District Judge*.*

_____

JAMES C. PACENZA, SR.,

                 *Plaintiff-Appellant*,

         - v. -                              (09-2025-cv)

IBM CORPORATION,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     MICHAEL D. DIEDERICH, JR., Law
                             Office of Michael D. Diederich,
                             Jr., Esq., Stony Point, New

                             York.

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

Appearing for Appellee:     KEVIN G. LAURI, Jackson & Lewis, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED.**

Plaintiff, James C. Pacenza, Sr., commenced this action under the Americans with Disability Act of 1990 ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State Human Rights Law ("NYSHRL"). He alleges that Defendant ("IBM") discriminated against him on the basis of his age and his disability when it terminated him. On April 2, 2009, the United States District Court for the Southern District of New York (Gardephe, *J.*) granted summary judgment to IBM and dismissed Plaintiff's claims in their entirety. Plaintiff now appeals. He contends that the district court erred by granting in part IBM's motion to strike Plaintiff's motion papers, as well as for subsequently granting IBM's motion for summary judgment.

We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. On May 29, 2003, IBM fired Plaintiff – then fifty-four years old – after nineteen years of employment on the grounds that he violated certain IBM policies by accessing

2

sexual materials on the internet while at work.  Plaintiff alleges that he was actually fired because of his disability, Post Traumatic Stress Disorder ("PTSD"), and his age.  He contends that his condition manifests itself in a variety of addictive disorders, including a compulsion to access sexually-oriented material on the internet. Plaintiff maintains that IBM is using his internet abuse as a pretext for its real reason for terminating him.

"We will not disturb a district court's grant of a motion to strike unless manifestly erroneous."  *Hollander v. Amer. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83, 84 (2d Cir. 2000).  While a court is obliged not to consider inadmissible evidence at the summary judgment stage, it remains in that court's discretion whether to strike the inadmissible portions or simply disregard them. *See, e.g., Rus, Inc. v. Bay Indust. Inc.*, 322 F.Supp.2d 302, 307 (S.D.N.Y. 2003).  Portions of documents submitted by Plaintiff in support of his summary judgment motion included legal conclusions and arguments, as well as assertions not based on personal knowledge.  The lower court determined that those extraneous arguments constituted an attempt by the Plaintiff to circumvent page-limit requirements placed on legal memoranda submitted to the court.  We cannot say

that the district court abused its discretion in striking those portions.

On the merits, we have conducted a *de novo* review of the district court's summary judgment disposition, and we affirm. Because Plaintiff did not adduce evidence that his supervisor had knowledge of his disability, he failed to make a *prima facie* showing of discrimination under the ADA. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n.7 (2003). Moreover, even if Plaintiff had established a *prima facie* case, he nonetheless failed to satisfy his burden of persuasion to overcome summary judgment by producing evidence "that would tend to show that the proffered reason [for termination] was merely a pretext for discrimination." *See Sista v. CDC Ixix North Am., Inc.*, 445 F.3d 161, 173 (2d Cir. 2006) (internal quotation marks and citation omitted). Plaintiff's conduct was a clear violation of IBM's policies, and we see no reason to conclude that Plaintiff was singled out or treated more harshly than similarly situated non-disabled employees who violated those policies. *See Hargett v. Nat'l Westminster Bank, USA*, 78 F.3d 836, 839 (2d Cir. 1996).

Finally, the district court was correct in granting summary judgment to IBM on Plaintiff's age discrimination claim. Plaintiff failed to demonstrate that he was

4

terminated on account of his age, instead of his accessing a sexually-oriented chat room on his work computer. The mere fact that Plaintiff's work duties were partially assumed by younger individuals following his termination was insufficient to survive summary judgment. *See Fagan v. New York State Elec. & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999). Because Plaintiff did not satisfy his burden of persuasion under the ADEA his claims were properly dismissed.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk



5